UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| HARRY JUSTUS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-CV-80 SPM |
| | ) |
| RUANNE STAMPS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action pursuant to 28 U.S.C. § 1915. Plaintiff has not yet received a copy of his prison inmate account statement from the Missouri Department of Corrections Financial Office, thus the Court will assess a partial initial filing fee of $1.00 at this time.[1] After reviewing the complaint, the Court will appoint counsel and ask counsel to submit an amended complaint in this action.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must

---

[1] Although plaintiff has not yet submitted a prison account statement, the Court does not want to wait to begin processing plaintiff's complaint. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff, an inmate at Moberly Correctional Center ("MCC"), brings this action pursuant to 42 U.S.C. § 1983, as well as Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, alleging violations of his civil rights.[2] Names as defendants are: Dr. Ruanne Stamps (Corizon, Inc. physician); Lisa Pogue (Deputy Warden, MCC); Unknown Hunter (Nurse); Daryl Taylor (Correctional Officer); J. Crader (Correctional Officer); and Tammy Gittemeier (Case Manager). Plaintiff brings this action against defendants in their official and individual capacities.

Plaintiff claims that in August of 2014, he was incarcerated at the Hope County Jail when he was taken to St. Joseph Hospital in St. Joseph, Missouri. Plaintiff states that at the time, he was suffering from an ulcer located in the upper left corner of his ribcage, caused by over-the-counter pain relievers. The ulcer required surgery.

Plaintiff asserts that the first week of October 2017, he began to have severe pain in the left portion of his ribcage. Plaintiff claims that the pain was similar to the pain he had suffered in

---

[2] Plaintiff also asserts state law claims of "malfeasance and malpractice," pursuant to 28 U.S.C. § 1367.

2014 when he had the ulcer. As a result, he declared a medical emergency several times during up through and until the third week of October. Plaintiff claims that on the third time he declared the medical emergency, Nurse Hunter told him, after conferring with Dr. Ruanne Stamps, that neither she, nor Dr. Stamps, would be providing assistance to him until his scheduled doctor visit several weeks later. He was then threatened with being sent to "the hole." Plaintiff claims he went back to medical one day later and was again threatened by Nurse Hunter that he would be sent to Administrative Segregation if he kept returning, but he was not provided with medical care.

Plaintiff claims that on October 27, 2017, he was having problems standing and in great pain. He asserts that during 4:30 p.m. count, he could not stand outside his cell for count and he was issued a conduct violation for "malingering" by Daryl Taylor and J. Crader, despite them being able to tell that he looked ill.

On October 31, 2017, plaintiff was "teamed" by Case Manager Tammy Gittemeier as a warning that he could no longer self-declare a medical emergency or he would be sanctioned.

On November 1, 2017, petitioner was seated on the toilet and he began defecating and vomiting large amounts of blood. Petitioner was taken to the St. Mary's Hospital in Jefferson City, Missouri, and he claims that he had to be revived twice on the way to the hospital as a result of massive blood loss. Plaintiff asserts that emergency surgery had to be done and two ulcers were found, one in the ribcage and one in the stomach. Plaintiff claims that he was told by his surgeon that he was extremely lucky to still be alive. He asserts that the surgeon further explained that the cause of the ulcer on his ribcage was a result of the use of NSAIDS by Corizon to treat plaintiff's arthritis.

Plaintiff seeks injunctive relief and damages.

## Discussion

The Court believes that plaintiff's complaint states serious allegations against several defendants in this action, and plaintiff could benefit from appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[3]

**IT IS FURTHER ORDERED** that plaintiff's motion to accept relevant evidence in support of the petition [Doc. #3] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to appoint plaintiff counsel pursuant to the Plan for the Appointment of Pro Bono Counsel. A separate Notice of Appointment of Pro Bono Counsel shall be entered by the Clerk.

---

[3] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that appointed counsel shall file an amended complaint within sixty (60) days of receipt of a copy of the Court file.

**IT IS FURTHER ORDERED** that upon the filing of the amended complaint, this matter shall be reviewed in accordance with 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of December, 2017.