UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| HARRY JUSTUS, JR., | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:17-CV-80 SPM |
|  | ) |  |
| CORIZON HEALTH, INC., et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the filing of plaintiff's amended complaint. After reviewing the amended complaint, the Court will require plaintiff to file a second amended complaint in this action. *See* 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at Moberly Correctional Center ("MCC"). He has named the following entities and individuals as defendants in this action: Corizon Health, Inc.; Dr. Ruanne Stamps (Doctor employed by Corizon); Lisa Pogue (Warden at MCC); Unknown Hunter (Nurse at MCC); Darley Taylor (unidentified in the amended complaint); J. Crader (Correctional Officer); and Tammy Gittemeier (Correctional Officer).

Plaintiff filed his original complaint in this action on November 16, 2017. After finding plaintiff's allegations in his complaint to be serious, the Court assigned the present counsel in this matter on February 6, 2018[1], and requested that counsel file an amended complaint. The amended complaint was filed on July 5, 2018, after counsel was provided several extensions of time to file the amended complaint.

In the amended complaint, plaintiff asserts that he had been diagnosed with an ulcer in 2014. He claims that during his incarceration at MCC in October of 2017, he began to have severe pain in his ribcage, similar to the pain he had with the pain of his ulcer in 2014. Plaintiff alleges that he made several declarations of an "emergency condition" regarding the pain, but he does not state to whom he made these declarations to.

Plaintiff states that in response to the medical declarations, he was told by defendant Hunter, a nurse at MCC, that she would not provide him with any medical treatment and that

---

[1] Different appointed counsel was first assigned on January 17, 2018. However, the first counsel assigned in this matter had to withdraw from the pro bono assignment as he was no longer practicing in front of this Court. Current counsel was then assigned on February 6, 2018.

there would be "negative consequences for declaring another medical emergency." Plaintiff does not provide the date upon which this allegedly occurred.

Similarly, plaintiff alleges that in response to another of his declarations of a medical emergency, defendant Dr. Ruanne Stamps told him that she would not provide him with any medical treatment. Plaintiff neither states the type of medical treatment he asked for nor the date on which he requested the treatment.

Plaintiff next states that on or about October 27, 2017, he was suffering from pain so severe that he could not stand. He claims that because he could not stand as instructed by some unnamed correctional officer he was issued a conduct violation for "malingering." Plaintiff does not indicate what occurred after he was issued the conduct disorder or if he was provided medical treatment as a result of not being able to stand.

Plaintiff subsequently alleges that on or about October 31, 2017, he was informed by Correctional Officer Gittemeier that he would "be punished" if he declared another medical emergency. Plaintiff does not indicate in what context this conversation purportedly occurred or if he asked for and whether he was purportedly denied medical care by defendant Gittemeier.

Plaintiff states that on November 1, 2017 he began defecating and vomiting significant amounts of blood while he was seated on the toilet in an unspecified housing unit at MCC. He claims that he was discovered by an unnamed individual "lying on the floor in a pool of his own blood" and that he "had lost nearly a gallon of blood" at the time of the discovery. Plaintiff purports that he was transported by ambulance to St. Mary's Hospital in Jefferson City, Missouri. He asserts that on the way to the hospital he "died" from blood loss, but that he was revived by the EMTs. He claims that as a result of two bleeding ulcers he had to have immediate surgery by a gastrointestinal surgeon who opined that the ulcers were caused by over-the-counter

pain medications provided by individuals at MCC. Plaintiff does not indicate who at MCC purportedly provided him with the pain medications.

Plaintiff seeks compensatory and punitive damages in this action, as well as an award of attorneys' fees.

**Discussion**

In his amended complaint, plaintiff asserts that "defendants" have been deliberately indifferent in violation of the Eighth Amendment to his serious medical needs. However, there are several pleading deficiencies in plaintiff's amended complaint.

First, plaintiff has not designated whether he is pursuing this action against defendants in their official or individual capacities. When a complaint is silent as to whether defendants are being sued in their official or individual capacities a district court must interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989).[2]

Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). In the case of individuals employed by the Missouri Department of Corrections, such as Lisa Pogue (Warden), J. Crader (Correctional Officer) and Tammy Gittemeier (Correctional Officer), naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[3] "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the amended complaint as

---

[2] To the extent plaintiff wishes to pursue individual capacity claims against defendants, he must explicitly state such claims in his amended complaint.
[3] Plaintiff has not indicated the employer of defendant Darley Taylor.

- 4 -

currently written fails to state a claim upon which relief can be granted against the individuals employed by the Missouri Department of Corrections.

As for the individuals employed by Corizon Health, Inc., namely Dr. Ruanne Stamps and Nurse Hunter, again, naming an official in his or her official capacity is the equivalent of naming the entity that employs these individuals, Corizon. However, to state a claim against Corizon Health, Inc., plaintiff must allege that a policy or custom of Corizon is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978).

Although plaintiff has one sentence in his amended complaint asserting that "defendants' actions, inactions, policies and/or widespread customs caused plaintiff actual injury as specified above," this conclusory allegation is not enough to allege a policy or custom claim against Corizon.

There are three separate ways an individual can pursue a *Monell* claim against a defendant in Missouri. Municipal liability under § 1983 may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018).

A "policy" refers to an "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should

have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. Alternatively, in order to establish a claim of liability based on "custom," the plaintiff must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013). Finally, to demonstrate deliberate indifference for purposes of failure to train, the plaintiff must show a "pattern of similar constitutional violations by untrained employees." *S.M. v Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017). Plaintiff has failed to properly allege any factual circumstances relative to either an unlawful "custom," "policy" or "failure to train/supervise." Thus, he has not properly alleged a *Monell* claim in his amended complaint.

Last, the Court finds that plaintiff has also failed to properly causally link many of the purported facts in his amended complaint to the named defendants. Section 1983 requires plaintiffs to properly allege that specific defendants are personally involved and directly responsible for the alleged deprivation of their Constitutional rights. *See, e.g., Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *Martin v. Sargent,* 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

In the instant action, plaintiff has failed to allege how Darley Taylor, Lisa Pogue, J. Crader and Corizon Health, Inc.[4] were personally involved in denying him medical care. Moreover, plaintiff has additionally failed to properly allege how Dr. Ruanne Stamps, Nurse Hunter and Tammy Gittemeier purportedly acted with deliberate indifference to his serious medical needs.

To state a claim for medical mistreatment under the Eighth Amendment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege two things: (1) that he suffered objectively serious medical needs and (2) that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). For example, in this action, plaintiff would have to allege that defendant health care providers or correctional officers knew that he was suffering from an objectively serious medical need such as a bleeding ulcer, but that each of those individuals refused to provide him with treatment for that bleeding ulcer.

In light of the aforementioned, the Court will provide plaintiff an opportunity to amend his complaint. Plaintiff will be given twenty-one (21) days to amend his complaint, and he should include all of the claims he wishes to pursue in his second amended pleading. Any claims from the original complaint, supplements, and/or pleadings that are not included in the second amended complaint will be deemed abandoned and will not be considered. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).

---

[4] In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993).

Further, the allegations in the complaint must show how each and every defendant is directly responsible for the alleged harms, and if plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the second amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that no later than twenty-one (21) days from the date of this Memorandum and Order, plaintiff shall file a second amended complaint.

**IT IS FURTHER ORDERED** that failure to file a second amended complaint within a timely manner will result in a dismissal of this action, without prejudice.

/s/ Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of July, 2018.