UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| HARRY JUSTUS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:17-CV-80-SPM ) |
| DR. RUANNE STAMPS, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Dismiss Second Amended Complaint filed by Defendants Daryl Taylor, Joshua Crader, and Tammi Gittemeier. (Doc. 31). For the following reasons, the motion will be denied.

### I. BACKGROUND

On November 16, 2017, Plaintiff filed his original *pro se* prisoner civil rights complaint, in which he alleged claims of deliberate indifference to his serious medical condition under 42 U.S.C. § 1983, claims of discrimination under Title II of the Americans with Disabilities Act, and state-law tort claims. (Doc. 1). Asked whether he had presented his claim to the prison grievance system, he responded "Filed an IRR for deliberate indifference to medical needs, ADA violations, and denial of due process for issuing the CDV. Pending." Complaint, at 3. The Court appointed counsel, and through counsel, Plaintiff filed a First Amended Complaint (Doc. 23) and then a Second Amended Complaint (Doc. 25). In the Second Amended Complaint, Plaintiff alleges that he has exhausted all administrative remedies related to the occurrences described in his Second Amended Complaint. 2d Am. Compl., Doc. 25, ¶ 9.

The moving defendants now request that the Court dismiss the Second Amended

Complaint under Federal Rule of Civil Procedure 12(b)(6) based on Plaintiff's failure to exhaust administrative remedies prior to the filing of the instant case.

## II. LEGAL STANDARD

When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, though it need not accept the legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

## III. DISCUSSION

Defendants argue that Plaintiff's Second Amended Complaint must be dismissed because Plaintiff failed to exhaust administrative remedies prior to his initial filing of the case. As Defendants point out, under the Prison Litigation Reform Act ("PLRA"), "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e. *See also Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) ("An inmate must exhaust all available administrative remedies before bringing a § 1983 suit."); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("Under the plain language of section 1997(e), an inmate must exhaust administrative remedies *before* filing suit in

federal court."). Exhaustion must have occurred at the time of filing; "[i]t does not matter if the plaintiff was able to fully exhaust his administrative remedies after filing the lawsuit against defendants." *Harrison v. Sachse*, No. 4:15-CV-631-AGF, 2016 WL 728306, at *3-4 (E.D. Mo. Feb. 24, 2016) (citing *Johnson*, 340 F.3d at 627). "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson*, 340 F.3d at 627.

To properly exhaust available administrative remedies, prisoners must "complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Id*. However, there are circumstances under which inmates are not obligated to exhaust administrative remedies because the administrative remedies are not actually "available" to the inmate. The Supreme Court has explained that there are several circumstances in which an inmate does not have a duty to exhaust administrative remedies: where the remedy "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; where "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use" and cannot be navigated by an ordinary prisoner; or where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016). *See also Porter v. Sturm*, 781 F.3d 448, 452 (8th Cir. 2015) ("[I]nmates are excused from exhausting remedies 'when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures.'") (quoting *Gibson v. Weber*, 431 F.3d 399, 341 (8th Cir. 2005)).

"Nonexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion." *Porter*, 781 F.3d at 451 (citing *Jones*, 549 U.S. at 211-12).

"[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216.

Defendants' position that Plaintiff failed to exhaust administrative remedies before filing suit is based entirely on a statement in Plaintiff's *original* complaint that he had filed an IRR that was "Pending." However, as set out above, Plaintiff's Second Amended Complaint alleges that Plaintiff has exhausted all administrative remedies related to the occurrences described therein. "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). Defendants do not direct the Court to any authority supporting the proposition that a defendant may establish an affirmative defense by relying on factual allegations made in an earlier, superceded, and legally ineffective version of a complaint.

Moreover, even if the Court were to consider Plaintiff's statement that he had an IRR "pending" at the time of filing, the Court is not convinced that that would satisfy Defendants' burden of showing that Plaintiff failed to exhaust available remedies under the PLRA. The Court has no facts before it from which to determine what administrative remedies were available to Plaintiff, what Plaintiff did or did not do to try to take advantage of those remedies, what happened when he pursued those remedies, whether prison officials themselves complied with their own procedures, or whether prison officials prevented Plaintiff from utilizing those procedures. An evaluation of Defendants' nonexhaustion argument requires facts not before the Court and would be more appropriately conducted on review of a properly-supported motion for summary judgment.

Because Defendants have not met their burden of showing that they are entitled to

dismissal based on lack of exhaustion, the Court will deny their motion.

## IV. CONCLUSION

For all of the above reasons, the Court finds that Defendants have not met their burden of showing that Plaintiff's claims are barred by failure to exhaust administrative remedies. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Second Amended Complaint (Doc. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that a scheduling conference pursuant to Rule 16, Fed. R. Civ. P., is set for **Tuesday, February 5, 2019, at 1:00 p.m.**, in the chambers of the undersigned, 13-South. Any counsel may participate in the conference by telephone, if counsel notifies the office of the undersigned of his or her intent to do so at least twenty-four (24) hours in advance of the scheduled conference.

**IT IS FINALLY ORDERED** that no later than **Friday, February 1, 2019**, the parties shall meet and confer and shall either file either (1) a revised Joint Proposed Scheduling Plan that complies with the requirements set forth in the Court's original Order Setting Rule 16 Conference (Doc. 34), or (2) a memorandum stating that the parties believe the deadlines in the original Joint Proposed Scheduling Plan remain appropriate.

/s/ Shirley Palm
_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of January, 2019.