UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| HARRY JUSTUS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:17-CV-80-SPM |
| | ) | |
| DR. RUANNE STAMPS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment filed by Defendants Daryl Taylor, Joshua Crader, and Tammi Gittemeier (Doc. 53) and the Motion to Dismiss Plaintiff's Third Amended Complaint filed by the same defendants (Doc. 57). The motions have been fully briefed, and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the following reasons, the motion for summary judgment will be granted and the motion to dismiss will be denied as moot.

**I.    FACTUAL BACKGROUND**[1]

Plaintiff Harry Justus, Jr. is an offender in the Missouri Department of Corrections ("MDOC"). At all times relevant to this action, he was incarcerated at the Moberly Correctional Center ("MCC") in Moberly, Missouri. Defs.' SUMF ¶ 1. Plaintiff brings this action pursuant to

---

[1] Except as otherwise stated, these facts are taken from the Moving Defendants' Statement of Uncontroverted Material Facts (Defs.' SUMF") (Doc. 55). Under Local Rule 4.01(E), "All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." E.D. Mo. L.R. 4.01(E). In his response in opposition to summary judgment, Plaintiff did not indicate that any of the facts asserted by the Moving Defendants were disputed and did not cite any evidence to controvert any of those facts. Indeed, Plaintiff's own statement of facts is consistent with the facts in the Moving Defendants' Statement of Uncontroverted Material Facts.

42 U.S.C. § 1983 against five defendants: Dr. Ruanne Stamps and Kayla Nivert, who were medical professionals working at MCC; and Darryl Taylor, Joshua Crader, and Tammy Gittemeier (collectively, the "Moving Defendants"), who were employed by MDOC and working at MCC. In his Third Amended Complaint, Plaintiff alleges a single count of deliberate indifference to Plaintiff's medical condition against each defendant, asserting that each defendant responded inadequately or inappropriately to his complaints of severe abdominal pain in or around October 2017.

MDOC Department Procedure D5-3.2 ("Offender Grievance") provides the appropriate process for an offender at MCC to pursue a grievance. Defs.' SUMF ¶ 17. An Informal Resolution Request ("IRR") must be filed within fifteen days of the alleged incident. Defs.' SUMF ¶ 18. If an IRR is not resolved by discussion, it is investigated, and a proposed response is prepared for approval by the Functional Unit Manager. Defs.' SUMF ¶ 19. The offender is given the opportunity to review the response and state whether it is satisfactory or unsatisfactory. Defs.' SUMF ¶ 20. If the offender is not satisfied, he may file a grievance. Defs.' SUMF ¶¶ 21-22. The grievance is investigated, a response is prepared and approved by the warden, and the response is delivered to the offender. Defs.' SUMF ¶ 23. The offender may appeal the denial of the grievance. Defs.' SUMF ¶ 24. Once the grievance appeal is investigated and responded to, the offender has exhausted the grievance process. Defs.' SUMF ¶ 25.

On or about October 30, 2017, Plaintiff filed an IRR complaining of deliberate indifference to his medical needs related to his complaints of abdominal pain. Defs.' SUMF ¶ 9; Pl's SOF ¶ 1. On or about November 13, 2017, Plaintiff's IRR was denied. Defs.' SUMF ¶ 11. On or about November 20, 2017, Plaintiff filed a grievance, arguing that the IRR response did not address the harm that resulted to him. Defs.' SUMF ¶ 13. On or about December 18, 2017, Plaintiff

filed a grievance appeal. Defs.' SUMF ¶ 14. On or about December 29, 2017, Plaintiff filed a grievance appeal. Defs.' SUMF ¶ 15. On March 20, 2018, the grievance appeal was denied. Defs.' SUMF ¶ 16.

Plaintiff filed his original *pro se* prisoner civil rights complaint in this Court on November 16, 2017. (Doc. 1). The Court subsequently appointed counsel for Plaintiff. Through appointed counsel, Plaintiff filed a First Amended Complaint on July 5, 2018 (Doc. 23) and a Second Amended Complaint on August 6, 2018 (Doc. 25). On February 27, 2019, the Moving Defendants filed the instant motion for summary judgment, arguing that they are entitled to judgment as a matter of law on the claims against them because Plaintiff failed to exhaust the prison grievance procedure prior to filing his initial complaint in this case. After that motion was filed, Plaintiff filed a Third Amended Complaint (Doc. 56), which was substantively identical to the Second Amended Complaint except that it corrected the name of one of the defendants who is not a Moving Defendant. The Moving Defendants then filed a Motion to Dismiss the Third Amended Complaint for the same reasons stated in their Motion for Summary Judgment.

## II. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). The movant "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation marks omitted). "On a motion for summary

judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted)).

### III. DISCUSSION

In their Motion for Summary Judgment, the Moving Defendants argue that Plaintiff's claims against them must be dismissed because Plaintiff failed to exhaust administrative remedies *prior to* his initial filing of the case. As the Moving Defendants point out, the Prison Litigation Reform Act ("PLRA") states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) ("An inmate must exhaust all available administrative remedies before bringing a § 1983 suit."). To properly exhaust available administrative remedies, prisoners must "complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Id.*; *accord Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). "An inmate satisfies § 1997e(a) by pursuing 'the prison grievance process to its final stage' to 'an adverse decision on the merits.'" *Porter*, 781 F.3d at 451 (quoting *Burns*, 752 F.3d at 1141). "Nonexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion." *Id.* at 451 (citing *Jones*, 549 U.S. at 211-12).

The Eighth Circuit has made it clear that exhaustion of administrative remedies under the PLRA must have occurred before the lawsuit was initially filed; it is not sufficient for the prisoner to exhaust his or her administrative remedies after filing suit. *Johnson v. Jones*, 340 F.3d 624, 627

(8th Cir. 2003). In *Johnson*, the Eighth Circuit stated:

> Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), **the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.**

340 F.3d at 627 (emphasis added). *See also Harrison v. Sachse*, No. 4:15-CV-631-AGF, 2016 WL 728306, at *3-4 (E.D. Mo. Feb. 24, 2016) (relying on *Johnson* to dismiss a complaint where the plaintiff exhausted his administrative remedies only after the filing of his complaint; stating, "It does not matter if the plaintiff was able to fully exhaust his administrative remedies after filing the lawsuit against defendants.").

In the instant case, the Moving Defendants have submitted evidence showing that the administrative process available to Plaintiff consisted of the filing of an IRR, the filing of a grievance, and the filing of an appeal from the denial of the grievance. As of the date he filed the instant lawsuit, November 16, 2017, Plaintiff had not completed this process. Although Plaintiff filed an IRR before filing suit, he did not file his grievance until November 20, 2017, and the grievance procedure was not completed until March 20, 2018, when the grievance appeal was ultimately denied. The Moving Defendants argue that because the record demonstrates that Plaintiff did not complete the administrative process available to him before filing his complaint in this Court, they are entitled to summary judgment

In his brief in opposition to summary judgment, Plaintiff does dispute the Moving Defendants' description of the grievance process, nor does he argue that there is any reason why he could not take advantage of this administrative process.[2] Plaintiff also acknowledges that he

---

[2] The Supreme Court has explained that there are several circumstances in which an inmate does not have a duty to exhaust administrative remedies: where the remedy "operates as a simple dead

did not complete the administrative process until after he filed the instant lawsuit. Plaintiff makes no attempt to distinguish the instant case from *Johnson* or *Harrison*, and he points the Court to no cases in which a district court has permitted a prisoner's § 1983 claims to go forward where exhaustion occurred only after the time of filing. Plaintiff's only argument is that dismissal of Plaintiff's claims at this point would not serve the purposes of the exhaustion requirement, which Plaintiff asserts are (1) to provide an administrative agency with an opportunity to correct its own mistakes before being haled into federal court, and (2) to promote efficiency, because claims generally can be resolved more quickly and economically in proceedings before an agency than in litigation in federal court. Pl.'s Mem. Opp'n., at 2 (citing *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). Plaintiff argues that dismissal at this stage would not promote those purposes.

Although Plaintiff's argument might have some persuasive force if the Court were deciding, as a matter of first impression, whether a prisoner may satisfy the PLRA's exhaustion requirement by completing the grievance process *after* the filing of a lawsuit, that is not the Court's task here. This Court is bound by the Eighth Circuit's decision in *Johnson*, which states that "the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred" and that "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson*, 340 F.3d at 627. Here, it is undisputed that exhaustion was not completed at the time of filing. Therefore, the Moving Defendants are entitled to summary judgment and to dismissal of the claims against them, without prejudice to refiling.

---

end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; where "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use" and cannot be navigated by an ordinary prisoner; or where "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016). Plaintiff does not contend that any such circumstances are present here.

### IV.  CONCLUSION

For all of the above reasons, the Moving Defendants have demonstrated that they are entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies. Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Defendants Daryl Taylor, Joshua Crader, and Tammi Gittemeier (Doc. 53), is **GRANTED**, and Plaintiff's claims against Defendants Daryl Taylor, Joshua Crader, and Tammi Gittemeier are **DISMISSED**, without prejudice, for failure to exhaust administrative remedies. A separate partial judgment shall accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Motion to Dismiss Plaintiff's Third Amended Complaint filed by Defendants Daryl Taylor, Joshua Crader, and Tammi Gittemeier (Doc. 57) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Court shall hold a status conference with counsel for Plaintiff and counsel for the remaining defendants on **Tuesday, June 4, 2019, at 11:00 a.m.**, in the chambers of the undersigned, to discuss the issues remaining in this case.

                                                                                                    *[signature]*
                                                                                SHIRLEY PADMORE MENSAH
                                                                                UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of May, 2019.