UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| HARRY JUSTUS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-CV-80-SPM |
| | ) |
| DR. RUANNE STAMPS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Dismiss for Failure to Exhaust Administrative Remedies filed by Defendant Ruanne Stamps, M.D. and Defendant Kayla Nivert. (Doc. 72). The motion has been fully briefed. and the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 66). For the following reasons, the motion will be granted and the claims against Defendants Stamps and Nivert will be dismissed.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Harry Justus, Jr. is an offender in the Missouri Department of Corrections ("MDOC"). At all times relevant to this action, he was incarcerated at the Moberly Correctional Center ("MCC") in Moberly, Missouri. On November 16, 2017, Plaintiff filed his original *pro se* prisoner civil rights complaint in this Court. (Doc. 1). The Court subsequently appointed counsel for Plaintiff, and through counsel, Plaintiff amended his complaint several times. In the Third Amended Complaint, Plaintiff alleges claims pursuant to 42 U.S.C. § 1983 against five defendants: Dr. Ruanne Stamps and Kayla Nivert[1] (the "Medical Defendants"), who were medical

---

[1] In earlier versions of the complaint, Ms. Nivert was incorrectly named as "Nurse Hunter." That

professionals working at MCC; and Darryl Taylor, Joshua Crader, and Tammy Gittemeier, who were employed by MDOC and working at MCC (the "MDOC Defendants"). Plaintiff alleges a single count of deliberate indifference to Plaintiff's medical condition against each defendant, asserting that each defendant responded inadequately or inappropriately to his complaints of severe abdominal pain in or around October 2017.

On February 27, 2019, the MDOC Defendants filed a motion for summary judgment on the claims against them, arguing that dismissal was required because Plaintiff had failed to exhaust administrative remedies prior to filing his initial complaint, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). On May 14, 2019, the Court granted the MDOC Defendants' motion and dismissed the claims against the MDOC Defendants, without prejudice.

On June 11, 2019, the Medical Defendants filed the instant motion to dismiss. The Medical Defendants make the same argument as the MDOC Defendants did: that Plaintiff's claims against them must be dismissed because Plaintiff failed to exhaust administrative remedies prior to filing his initial complaint. Although the Medical Defendants brought their motion as a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, they relied on materials outside the pleadings for their motion. Specifically, they attached prison records to their motion showing the following: On October 30, 2017, Plaintiff filed an Informal Resolution Request ("IRR") claiming deliberate indifference to medical needs related to his abdominal pain. *See* Def's Ex. A, Doc. 74, at 4. On November 13, 2017, the director of nursing at MCC, Deborah Willis, responded to Plaintiff's IRR. *Id.* at 6. On November 17, 2017, Plaintiff filed a grievance indicating that the response to the IRR was inadequate. *Id.* at 1-2. On December 18, 2017, Health Service Administrator Bonnie Boley responded to the grievance and found no deliberate

---

error was corrected in the Third Amended Complaint.

indifference. *Id.* at 3.[2]

On June 24, 2019, Plaintiff filed an opposition to the motion to dismiss in which Plaintiff did not acknowledge the evidence presented in support of Defendants' motion, but rather stated that Defendants had failed to establish the affirmative defense of absence of exhaustion because "no evidence has been adduced." *See* Pl.'s Mem. Opp'n, Doc. 76, at 1. Plaintiff argued that Defendants' argument would be more appropriately reviewed on a motion for summary judgment. On June 26, 2019, after review of the motion and Plaintiff's opposition, the Court entered an order stating that because Defendants had presented materials outside the pleading in support of their motion, the Court would treat Defendants' motion an as a motion for summary judgment pursuant to Rule 12(d). To avoid any possible prejudice to Plaintiff, the Court gave Plaintiff until July 3, 2019, to file a supplemental response in which Plaintiff could address Defendants' evidence and present any contrary evidence or argument, and gave the Medical Defendants until July 10, 2019, to file a reply. Plaintiff did not file any supplemental response. On July 10, 2019, the Medical Defendants filed their reply. The motion is therefore fully briefed and ready for ruling.

## II.   LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). The movant "bears the initial responsibility of informing the district court of the basis for its motion" and must identify "those

---

[2] The Medical Defendants state in their memorandum in support of their motion that no action was taken in response to the denial of Plaintiff's grievance, *see* Doc. 73, at 2, and Plaintiff does not respond to that statement. However, the materials submitted by MDOC in support of their motion for summary judgment show that Plaintiff did file a grievance appeal on December 29, 2017 that was denied on March 20, 2018. *See* Defs.' Taylor, Crader, and Gittemeier's Statement of Uncontroverted Material Facts, Doc. 55, at ¶¶ 15-16. The Court need not resolve this apparent discrepancy, because these facts are not material to the determination of the instant motion.

portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation marks omitted). "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted)).

### III. DISCUSSION

In their motion, the Medical Defendants argue that Plaintiff's claims against them must be dismissed because Plaintiff failed to exhaust administrative remedies prior to his initial filing of the case. The Prison Litigation Reform Act ("PLRA") states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). *See also Porter v. Sturm*, 781 F.3d 448, 451 (8th Cir. 2015) ("An inmate must exhaust all available administrative remedies before bringing a § 1983 suit."). To properly exhaust available administrative remedies, prisoners must "complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Those rules "are defined not by the PLRA, but by the prison grievance process itself." *Id.*; *accord Burns v. Eaton*, 752 F.3d 1136, 1141 (8th Cir. 2014). "An inmate satisfies § 1997e(a) by pursuing 'the prison grievance process to its final stage' to 'an adverse decision on the merits.'" *Porter*, 781 F.3d at 451 (quoting *Burns*, 752 F.3d at 1141). "Nonexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion." *Id.* at 451 (citing

*Jones*, 549 U.S. at 211-12).

The Eighth Circuit has made it clear that exhaustion of administrative remedies under the PLRA must have occurred before the lawsuit was initially filed; it is not sufficient for the prisoner to exhaust his or her administrative remedies after filing suit. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). In *Johnson*, the Eighth Circuit stated:

> Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court. Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), **the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred. If exhaustion was not completed at the time of filing, dismissal is mandatory.**

340 F.3d at 627 (emphasis added). *See also Harrison v. Sachse*, No. 4:15-CV-631-AGF, 2016 WL 728306, at *3-4 (E.D. Mo. Feb. 24, 2016) (relying on *Johnson* to dismiss a complaint where the plaintiff exhausted his administrative remedies only after the filing of his complaint; stating, "It does not matter if the plaintiff was able to fully exhaust his administrative remedies after filing the lawsuit against defendants.").

As the Court previously found in ruling on the MDOC Defendants' motion for summary judgment, the administrative process available to Plaintiff consisted of the filing of an IRR, the filing of a grievance, and the filing of an appeal from the denial of the grievance. As the evidence submitted in support of the instant motion demonstrates, it is undisputed that Plaintiff had not completed this process as of the date he filed the instant lawsuit, November 16, 2017. Although Plaintiff filed an IRR before filing suit, he did not file his grievance until November 17, 2017, and did not receive a response to it until December 18, 2017.

Plaintiff does not dispute the Medical Defendants' description of the grievance process or the evidence regarding the timing of Plaintiff's attempts to take advantage of that process, nor does he argue that there is any reason why he could not take advantage of this grievance process.

Plaintiff makes no attempt to distinguish the instant case from *Johnson* or *Harrison*, and he points the Court to no cases in which a district court has permitted a prisoner's § 1983 claims to go forward where exhaustion had not occurred as of the time of filing.

Because it is undisputed that Plaintiff had not exhausted administrative remedies when he filed his complaint, the Medical Defendants are entitled to summary judgment and to dismissal of the claims against them, without prejudice to refiling.

### IV. CONCLUSION

For all of the above reasons, the Medical Defendants have demonstrated that they are entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss for Failure to Exhaust Administrative Remedies filed by Defendant Ruanne Stamps, M.D. and Kayla Nivert (Doc. 72), treated as a motion for summary judgment, is **GRANTED**, and that Plaintiff's claims against Defendants Ruanne Stamps, M.D., and Kayla Nivert are **DISMISSED**, without prejudice, for failure to exhaust administrative remedies. A separate judgment shall accompany this Memorandum and Order.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of July, 2019.